Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>WALLI MUJAHIDH,<br>   a/k/a FREDERICK DOMINGUE, JR.,<br><br>            Defendant. | NO. CR11-228JLR<br><br>PLEA AGREEMENT |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Todd Greenberg and Michael Dion, Assistant United States Attorneys, and Defendant, WALLI MUJAHIDH, and his attorneys, Michele Shaw and Lee A. Covell, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. <u>The Charges</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following offenses:

    a. Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, as charged in Count 1 of the Indictment.

    b. Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), as charged in Count 2 of the Indictment.

PLEA AGREEMENT - 1
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

   c. Unlawful Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 2, as charged in Count 9 of the Indictment.

By entering the pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the pleas of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2. <u>Elements of the Offenses</u>.

   a. The elements of the offense of Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, are as follows:

> First, Defendant knowingly and intentionally agreed with one or more persons to commit the crime of Murder of Officers and Employees of the United States, in violation of Title 18, United States Code, Section 1114(1);
>
> Second, the object of the conspiracy was to kill officers and employees of the United States and of an agency of the United States Government, while such officers and employees were engaged in, and on account of the performance of, their official duties; and to kill other persons assisting such officers and employees in the performance of such duties and on account of that assistance;
>
> Third, Defendant entered the agreement intending to further that objective; and
>
> Fourth, Defendant or another co-conspirator engaged in an overt act to effect the object of the conspiracy.

   b. The elements of the offense of Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), are as follows:

> First, Defendant knowingly and intentionally agreed with one or more persons to commit the crime of Use of Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3);
>
> Second, the object of the conspiracy was to, without legal authority, use a weapon of mass destruction against property that is owned and used by the United States and by a department and agency of the United States; and against persons and property within the United States, where a perpetrator traveled in and caused another to travel in interstate commerce in furtherance of the offense; and
>
> Third, Defendant entered the agreement intending to further that objective.

PLEA AGREEMENT - 2
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. The elements of the offense of Unlawful Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 2, are as follows:

 First, Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

 Second, Defendant possessed a firearm; and

 Third, the firearm had been shipped or transported in interstate commerce.

3. <u>The Penalties</u>.

  a. Defendant understands that the statutory penalties for the offense of Conspiracy to Murder Officers and Employees of the United States, in violation of Title 18, United States Code, Sections 1114(1) and 1117, are: Imprisonment for any term of years and up to life; a fine of up to $250,000; a period of supervision following release from prison of any term of years and up to life; and a $100 penalty assessment.

  b. Defendant understands that the statutory penalties for the offense of Conspiracy to Use Weapons of Mass Destruction, in violation of Title 18, United States Code, Sections 2332a(a)(2)(C) and 2332a(a)(3), are as follows: Imprisonment for any term of years and up to life; a fine of up to $250,000; a period of supervision following release from prison of any term of years and up to life; and a $100 penalty assessment.

  c. Defendant understands that the statutory penalties for the offense of Unlawful Possession of Firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and 2 are as follows: Imprisonment for up to ten years; a fine of up to $250,000; a period of supervision following release from prison of up to three years; and a $100 penalty assessment.

  d. Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

PLEA AGREEMENT - 3
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

  e. Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

  f. Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

  a. The right to plead not guilty, and to persist in a plea of not guilty;

  b. The right to a speedy and public trial before a jury of Defendant's peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

//
//

PLEA AGREEMENT - 4
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       5.   <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.   The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

      b.   After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.   The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

      d.   Except as provided in Paragraph 9 below, Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

      6.   <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

//
//

PLEA AGREEMENT - 5
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. <u>Statement of Facts</u>. Defendant admits he is guilty of the offense. In support of Defendant's guilty plea and sentencing, the parties agree that the Court should consider the following:

   a. Beginning in or before May 2011, Defendant Walli Mujahidh agreed with Abu Khalid Abdul-Latif to kill United States military personnel in retribution for perceived wrongs committed by the United States military in the Middle East, and to prevent additional troops from going to the Middle East. The specific object of the conspiracy was to kill officers and employees of the Department of Defense who worked at the Military Entrance Processing Station ("MEPS") located in the Federal Center South building at 4735 East Marginal Way, Seattle, Washington, and to kill other persons assisting such officers and employees in the performance of their duties, including the security personnel at the Federal Center South building.

   b. The Department of Defense operates numerous MEPS throughout the United States. Applicants seeking to join one of the branches of the United States Military, including the Army, Navy, Air Force, and Marines, apply through and are processed at a MEPS. A MEPS is staffed by United States Military personnel and other federal civilian employees. The Federal Center South building is owned and operated by the United States Government, General Services Administration. In addition to the MEPS, this building houses a variety of other United States Government agencies and offices, as well as a child care center that is located immediately adjacent to the MEPS.

   c. During early June 2011, while living in Los Angeles, California, Mujahidh engaged in several telephone conversations and exchanged numerous text messages with Abdul-Latif and a confidential source who was working with law enforcement. During these communications, Mujahidh expressed his desire to participate in the conspiracy and confirmed his commitment to the plan. For example, on June 6, 2011, Mujahidh spoke with Abdul-Latif over the telephone in the presence of the confidential source. They discussed the general nature of the conspiracy, including the need to acquire firearms for use in the attack, and their plan to train with the firearms in

PLEA AGREEMENT - 6
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

advance of the attack. During this conversation, Mujahidh assured Abdul-Latif that he was committed to carrying out the attack. On June 9, 2011, Mujahidh sent a text message to the confidential source stating, "Allah grant us success in w[h]at we go forth to accomplish."

       d.      On June 14, 2011, Abdul-Latif spoke with Mujahidh over the telephone in the presence of the confidential source. They arranged for Mujahidh to travel via bus from Los Angeles to Seattle on June 20-21, 2011, for the purpose of training for and carrying out the attack on the MEPS. Thereafter, Mujahidh traveled to Seattle as planned, arriving during the afternoon of June 21, 2011.

       e.      During the late afternoon and evening on June 21, 2011, Mujahidh and Abdul-Latif met with the confidential source and further discussed the details of their planned attack on the MEPS, including that they intended to use machineguns and grenades during the attack. The confidential source agreed to acquire weapons for use during the attack, including firearms, magazines, ammunition, and grenades. During the meeting, Mujahidh stated, "Why don't we all just go into there [the MEPS] with guns blazing, and just lay everybody down. They're all *kaffirs* anyway. Just lay everybody down. And we all just make our way around here [the hallway] together. And whoever gets laid down, gets laid down." MUJAHIDH later described what he planned to do during the attack: "This is what I'm gonna do: I'm gonna post guard. I'm gonna come in, pop-pop the security guard. Run into the cafeteria, lay everybody down in there. Pop-pop-pop-pop. 'Get on the ground, get on the ground, get on the ground!' And these offices right here, pop-pop-pop-pop." Regarding the use of grenades during the attack, Mujahidh stated, "When you throw the grenade, you want to drop flat to the ground."

       f.      On June 22, 2011, Mujahidh and Abdul-Latif met with the confidential source to take possession of the machineguns that they intended to use during the attack. During the meeting, Mujahidh and Abdul-Latif handled and inspected the machineguns. Mujahidh practiced aiming and firing one of the machineguns, in both a standing and kneeling position. Moments later, Mujahidh and Abdul-Latif were arrested by FBI agents.

PLEA AGREEMENT - 7
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. The firearms that Mujahidh and Abdul-Latif handled and inspected on June 22, 2011, consisted of a Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9463259; a Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9574856; and a Colt M16A1, 5.56 mm caliber assault rifle, with serial number 9396093. Each of these firearms was a "machinegun" as defined by federal law, and each was manufactured outside of Washington State, and therefore traveled to Washington in interstate or foreign commerce. A grenade is a "destructive device" and a "weapon of mass destruction" as defined by federal law.

h. Mujahidh had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Petty Theft with Prior Convictions, in Riverside County Superior Court, Case No. RIF104247, on or about October 16, 2002.

i. The parties agree that the Court is free to consider any and all additional facts contained in the Presentence Report and/or that may be presented by the United States or Defendant at the time of sentencing. The parties specifically agree that the Court should consider as true the facts contained in the Amended Complaint filed in case number MJ11-292, and that the Court should consider Defendant's post-arrest statements to law enforcement officers on June 22, 2011.

8. <u>Sentencing Factors</u>. The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. As to Count 1, a base offense level of 33, pursuant to USSG § 2A1.5(a).

b. As to Count 2, pursuant to the cross-reference provision at USSG § 2K1.4(c)(1), the base offense level should be calculated under USSG § 2A1.5(a), because the offense was intended to cause death and serious bodily injury.

c. As to both Count 1 and Count 2, a six-level upward adjustment, pursuant to USSG § 3A1.2(b), because the intended victims of the offenses were government officers and employees, the offenses of conviction were motivated by such status, and the applicable Chapter Two guidelines for these offenses is from Chapter Two, Part A (Offenses Against the Person).

PLEA AGREEMENT - 8
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

      d.    As to both Count 1 and Count 2, a twelve-level upward adjustment, pursuant to USSG § 3A1.4(a), because the offenses are felonies that involved, and were intended to promote, a federal crime of terrorism.

      e.    As to Count 9, a base offense level of 20, pursuant to USSG § 2K2.1(a)(4)(B), because the offense involved a machinegun and the defendant was a prohibited person at the time of the offense; a two-level upward adjustment pursuant to USSG § 2K2.1(b)(1)(A), because the offense involved three firearms; and a four-level upward adjustment pursuant to USSG § 2K2.1(b)(6), because the defendant possessed the firearms in connection with the felony offenses in Counts 1 and 2.

      f.    Pursuant to USSG § 3A1.4(b), the defendant's criminal history category shall be VI, because Count 1 and Count 2 are felony offenses that involved, and were intended to promote, a federal crime of terrorism.

      g.    The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen or greater, his total offense level should be decreased by three levels, pursuant to USSG §§ 3E1.1(a) and (b), because he has assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently on factors set forth in the United States Sentencing Guidelines, including Section 3E1.1.

      h.    The parties agree that they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands that at the time of sentencing, the Court is free to reject the above stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range. Defendant may not withdraw his guilty plea solely because of the sentencing factors applied by the Court.

//
//

PLEA AGREEMENT - 9
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. <u>Agreement as to Sentencing Recommendation</u>. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties acknowledge and agree that the appropriate sentence to be imposed by the Court at the time of sentencing is as follows:

    a. As to Count 1 and Count 2, a sentence of imprisonment within the range of 27-32 years (324-384 months); a term of supervised release for life; no fine; and a $100 penalty assessment.

    b. As to Count 9, a sentence of imprisonment of ten years; a term of supervised release of three years; no fine; and a $100 penalty assessment.

    c. The sentences on Count 1, Count 2, and Count 9 shall be run concurrently.

If the sentencing court rejects any aspect of the above agreement of the parties with regard to the appropriate sentence, both Defendant and the United States reserve the right to withdraw from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and to proceed to trial. No other agreement has been made with regard to the imposition of the sentence in this matter, and the parties understand that the Court retains full discretion with regard to the imposition of the conditions of supervised release and restitution as may be applicable.

10. <u>Recommendations to Bureau of Prisons</u>. Defendant will request that the Court's judgment contain recommendations that Defendant be incarcerated at FCI Victorville and that he not be incarcerated at an Administrative Maximum (ADX) facility. The government will take no position at the time of sentencing and will defer to the placement decisions made by the Bureau of Prisons.

11. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Count 7 of the Indictment at the time of sentencing, and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this

PLEA AGREEMENT - 10
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement.

Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

12.     <u>Waiver of Appeal</u>. As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.     any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

b.     any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of confinement or the decisions of the Bureau of Prisons regarding the execution of sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

PLEA AGREEMENT - 11
*United States v. Mujahidh*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of conditions of (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

14. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT - 12
*United States v. Mujahidh*, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter the pleas of guilty.

16. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 8th day of DECEMBER, 2011.

_____
WALLI MUJAHIDH
Defendant

_____
Michele Shaw
Attorney for Defendant

_____
Lee A. Covell
Attorney for Defendant

_____
Todd Greenberg
Assistant United States Attorney

_____
Michael Dion
Assistant United States Attorney

PLEA AGREEMENT - 13
United States v. Mujahidh, CR11-228JLR

UNITED STATES ATTORNEY
700 STEWART STREET, FLOOR 5
SEATTLE, WASHINGTON 98101
(206) 553-7970